# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5357 | **DATE** | 2/20/2001 |
| **CASE TITLE** | Jiang, et al. Vs. Allstate Ins. Co. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying plaintiff's motion for class certification (9-1) and denying in part defendant's motion to dismiss (12-1). The motion to dismiss is denied as to counts I and II for failure to state a claim and granted as to the fraud claims. Ruling set for 3/16/01 is vacated. Discovery is ordered closed on 7/31/01. Final pretrial order is due by 9/7/01. Response to any motions in limine due by 9/21/01. Pretrial conference set for 10/25/01 at 4:40 p.m. Trial set for 1/7/02 at 9:30 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | FEB 21 2001 date docketed | |
| | Notified counsel by telephone. | | 23 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 2/20/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FUA MAI JIANG, JOE JIANG, )
MARTIN VERA, MARTHA VERA and )
RICHARD SHOWERS, )
 )
      Plaintiffs, )
 )
v. ) No. 00 C 5357
 )
ALLSTATE INSURANCE COMPANY, )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

The named plaintiffs in the putative class action are minority residents of the Northern District of Illinois and insureds of Allstate. Fua Mai Jiang and Joe Jiang had a car that burned in August 1999. They were covered by Allstate, but, after a special investigation conducted by the firm of Condon & Cook, using a Chinese language interpreter, Allstate denied their claim, purportedly because of discrepancies in the stories the Jiangs told about who first noticed the fire. Martin and Martha Vera are Hispanic, and had a policy with Allstate. Their car was broken into in March 2000, and their claim was denied after a Condon & Cook investigation, on the stated grounds of "fraud, false swearing, and material misrepresentations." Mr. Richard Showers is an African American Allstate insured. His car was stolen in October 1999, and turned up a month later stripped and burned. Allstate denied his claim for the car under similar conditions on ground of "fraud and



false swearing." However, he was paid about $1400 under his homeowners policies for the property inside the car.

The plaintiffs sue, alleging a pattern of discrimination against themselves and similarly situated minority policyholder. They allege that Allstate subjects members of racial minorities to harassing "special investigations," involving intrusive questions about the insured's financial situation, and then denies their claims after either catching them out in minor and immaterial inconsistencies or if they refuse to answer impertinent questions.

The causes of action in this case include claims under 42 U.S.C. §§ 1981-82 (barring racial discrimination in contracting and property rights); the Illinois Consumer Fraud Act, 815 ILCS 505/2; and breach of contract. The plaintiffs move to certify the class of all Chinese, African American, and Hispanic insureds of Allstate whose claims for stolen or destroyed vehicles were "specially investigated" and denied within the statutes of limitation of the various causes of action under which they proceed. Allstate opposes this motion and moves to dismiss. I deny the motions to certify the class, and to dismiss the civil rights claims and the contract claims, but grant the motion to dismiss the fraud claims.

I.

A class action must satisfy all the requirements of Fed. R. Civ. P. 23(a), and at least one of the requirements of Rule 23(b). There are four Rule 23(a) requirements: (1) numerosity (the class

must be so large "that joinder of all members is impracticable"); (2) commonality (there must exist "questions of law or fact common to the class"); (3) typicality (named parties' claims or defenses must be "typical . . . of the class"); and (4) adequacy of representation (the representative must be able to "fairly and adequately protect the interests of the class"). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Without satisfying each of these prerequisites, there can be no class action lawsuit. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982) (a class action "may only be certified if the trial court is satisfied after rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied"). The party seeking class certification "assumes the burden of demonstrating that certification is appropriate." *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). The failure of any single Rule 23(a) requirement will block certification a class action; each and every Rule 23(a) requirement must be satisfied. *See id.* at 598. Since the plaintiffs do not get past the Rule 23(a) requirements, I need not discuss the Rule 23(b) requirements. Generally, I "should seriously consider certifying a class or deny certification prior to any ruling on the merits," *Mira v. Nuclear Measurements Corp.,* 107 F.3d 466, 474 (7th Cir. 1997), and I do so here.

The plaintiffs have not established that the numerosity requirement is satisfied. There is no firm minimum number of absent

plaintiffs required, but the class must be "so numerous that joinder is impracticable." Rule 23(a)(1). The plaintiffs are "not required to specify the exact number of persons in the class, but cannot rely on conclusory allegations that joinder is impractical . . . ." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). "Mere speculation" as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1). *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990). The plaintiffs argue here that I may make commonsense assumptions about the size of the class, or take judicial notice of the fact that it is large if this is obvious. The plaintiffs allege that the company has a "standard practice of the nature complained of," see *Swigget v. Watson*, 441 F. Supp. 254, 256 (D. Del. 1977) (existence of form used by DMV), and this allows me to conclude that the class is large enough.

The only standard practice alleged that might establish a common pattern of treatment of many purportedly similarly situated persons, however, is the use of a Chinese language interpreter, referred by the Chamber of Commerce, in the course of Allstate's investigation and denial of some of the plaintiffs' claims. With regard to the Jiangs, there are two relevant facts in play: (1) that Allstate investigated and denied their claim on grounds of misrepresentation; and (2) that it used an interpreter in the investigation. The mere fact that Allstate investigated these claims of these particular Chinese plaintiffs shows nothing about

the number of people in the class. Allstate investigates many claims, and denies some of them, but the class that I am asked to certify is far narrower than the group of all people whose claims were investigated and denied by Allstate. The use of an interpreter referred by the Chamber of Commerce in this instance does not even raise an inference that Allstate investigates the claims of very many Chinese insureds, much less that the claims of Chinese insureds are investigated or denied disproportionately compared to the claims of non-Chinese insureds. The plaintiffs make no attempt to show, for instance, that the number or use of Chinese interpreters is high relative to the number of Allstate's Chinese insureds as opposed to, say, white non-English speakers. With regard to whether there are many Hispanics or African Americans in the purported class, the plaintiffs offer only the fact that the named plaintiffs' claims were specially investigated and denied, and it does not follow from this that there are any substantial number of African American or Hispanic persons in the purported class. Because the numerosity requirement of Rule 23(a) is not shown to be satisfied, I decline to certify the class.

II.

I now consider the merits of the individual plaintiffs' claims. On a motion to dismiss, I accept all well-pleaded factual allegations of the plaintiffs and draw all reasonable inferences in their favor. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79

F.3d 631, 632 (7th Cir. 1996). Dismissal is only appropriate if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief. *Id.* It may appear "on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*

The plaintiffs' first claim comes under the federal civil rights statutes, 42 U.S.C. §§ 1981 and 1982. Section 1981 bars intentional racial discrimination in contracting, and Title VII bars racial discrimination in employment, but "the methods of proof and elements of the case are essentially identical." *Von Zuckerstein v. Argonne Nat'l Lab.*, 984 F.2d 1467, 1472 (7th Cir. 1993). Section 1982 bars intentional racial discrimination in property ownership. Because of their common origin and purpose, §§ 1981 and 1982 are "generally construed in tandem." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *see also Kyles v. J.K. Guardian Sec. Servs., Inc.*, 222 F.3d 289, 301 (7th Cir. 2000) (noting "the similarity in purpose and phrasing between the two provisions"). So the elements of the § 1982 case are the same as those of a Title VII case with regard to the showing of intentional discrimination. Only intentional discrimination is actionable under

-6-

these sections, *Majeske v. Fraternal Order of Police, No. 7*, 94 F.3d 307, 312 (7th Cir. 1996); a case for disparate impact discrimination under sections 1981 and 1982 will not lie.

The plaintiffs offer a bare allegation of intentional discrimination. They do not, in particular, plead the elements of a *McDonnell Douglas* prima facie case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Such a case, adapted here to the insurance context, would state that that the plaintiffs were: (1) in a protected group; (2) eligible to be covered under their insurance policies; (3) rejected; and (4) less favorably treated than persons outside the protected group. *See id.* As Allstate argues, the plaintiffs do not allege that Allstate treated people in the protected class less favorably. They say that "Allstate provided members of minority groups with services different from, and provided in a different manner than, those provided to other persons similarly situated." That does not mean, however, that minorities were treated worse: they might have been treated better, or just as well. The plaintiffs also allege that Allstate referred disproportionate numbers of minorities for "special investigation"; but the plaintiffs do not allege that the special investigations resulted in disproportionately greater claims denials. The plaintiffs argue that the inquisitorial nature of the special investigation has a disparate impact on minorities; however, one cannot infer disparate treatment merely from disparate impact.

-7-

The question matters because it is not settled whether a discrimination plaintiff must allege the elements of a prima facie case to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. The Seventh Circuit has not expressly ruled on the question. *Contrast Ekanem v. Health & Hosp. Corp.*, 724 F.2d 563, 568 (7th Cir. 1983) (affirming dismissal under Rule 41(b) for failure to present prima facie case of discrimination). The Seventh Circuit has held that the *McDonnell Douglas* schema is inapplicable in a credit discrimination context or "when there is no basis for comparing the defendant's treatment of the plaintiff with the defendant's treatment of other, similarly situated persons." *Latimore v. Citibank Federal Savings Bank*, 151 F.3d 712, 714 (1998) (noting that the schema is particularly suitable for "the competitive situation--the black facing off as it were against the white"). Where the schema is inapplicable, "[i]t is always open to a plaintiff in a discrimination case to try to show in a conventional way, without relying on any special doctrines of burden-shifting, that there is enough evidence, direct or circumstantial, of discrimination to create a triable issue." *Id.* at 715. Denial of an insurance claim is not obviously a "competitive situation," but the plaintiffs do not suggest any other means to show whether there is enough evidence here; in the context of a motion to dismiss, where what matters is allegations and not evidence, that would normally not be an issue. It is only a concern because of the possibility

-8-

that the plaintiff might have to allege the elements of the *McDonnell Douglas* prima facie case to avoid dismissal.

I conclude that a plaintiff need not do so. The Seventh Circuit has explained that "[w]hile [] plaintiff[s] may plead facts that show [t]he[y] ha[ve] no claim, [t]he[y] cannot plead [themselves] out of court by citing to the wrong legal theory or failing to cite any theory at all." *Ryan v. Illinois Dep't of Children and Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999). It would seem to follow that the plaintiffs need not specify in their complaint whether they are going to proceed under a burden-shifting approach or another sort of theory.

Moreover, every Circuit that has considered the question expressly--four so far--has expressly rejected the use of the *McDonnell Douglas* schema in a Rule 12 context because "the prima facie case is an evidentiary rather than a pleading standard." *Ring v. First Interstate Mortgage, Inc.*, 984 F.2d 924, 925 (8th Cir. 1993) (fair housing context). That court noted:

> There are two practical reasons why the prima facie case is an inappropriate pleading standard in a discrimination case. First, . . . the *McDonnell Douglas* . . . analysis applies to cases in which a plaintiff has no direct evidence of discrimination; if direct evidence of an intent to discriminate does exist, plaintiff may be able to prevail without proving all of the elements of a prima facie case of disparate treatment. Second, . . . the prima facie case that a plaintiff must prove under the *McDonnell Douglas* . . . analysis varies depending upon the facts of the particular case--thus, there is no "inflexible formulation" that can be defined at the pleading stage of the lawsuit.

*Id.* at 927. (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977). *Accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997); *Powell v. Ridge,* 189 F.3d 387, 394 (3rd Cir. 1999); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000). Although to get past summary judgment the plaintiffs must satisfy the elements of a *McDonnell Douglas* prima facie case or bring forward some other evidence of discrimination, they need not do so to survive a motion to dismiss. Here, the bare allegation of discrimination satisfies notice pleading standards.

### III.

Allstate attacks the plaintiffs' claim under the Illinois Consumer Fraud Act, 815 ILCS 505/2, as failing to satisfy the Rule 9(b) requirements for pleading fraud with particularity. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (Rule 9(b) "particularity" means "the who, what, when, where, and how": the first paragraph of any newspaper story"). The plaintiffs say only that Allstate sold the insurance while failing to disclose that Allstate employed discriminatory claims practices against members of the protected groups, denying payment on legitimate claims. This satisfies only the who (Allstate) and what (the purported fraud). It does not state the when, where, and how. Moreover, the "fraud" here would appear to be a species of promissary fraud by omission: the plaintiffs were tricked into buying Allstate insurance by not being informed that Allstate had no intention of paying because it

adhered to the discriminatory practices alleged in count I. Promissory fraud is:

> a disfavored cause of action in Illinois . . . . In order to survive the pleading stage, a claimant must be able to point to specific, objective manifestations of fraudulent intent--a scheme or device. If he cannot, it is in effect presumed that he cannot prove facts at trial entitling him to relief.

*Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). The plaintiffs point to no objective manifestations of fraudulent intent here. The Consumer Fraud Act claim is dismissed.

Allstate argues, further, that I should dismiss the plaintiffs' breach of contract claims because the plaintiffs do not incorporate the contract into their complaint, refer to allegedly breached provisions, or identify the parties' obligations. However, in federal court, the plaintiffs need not do any of these things. Under notice pleading, there is a very low threshold to determine whether a complaint states a claim. *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995). All the party must provide is "a short and plain statement showing that [they are] entitled to relief." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998); Rule 8(a). Here the allegation that that there was an insurance contract and that Allstate breached it by refusing to pay is sufficient.

IV.

I DENY the motion to certify the class. I DENY the motion to dismiss counts I and II for failure to state a claim, but I GRANT the motion to dismiss count II.

ENTER ORDER:

*Elaine E. Bucklo*
——————————————
**Elaine E. Bucklo**
United States District Judge

Dated: February 20, 2001